
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER LOPEZ-GONZALEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No. 14-72810

Agency No. A072-912-895

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2018[**]
Pasadena, California

Before: HAWKINS, PARKER,[***] and MURGUIA, Circuit Judges.

Javier Lopez-Gonzalez ("Lopez"), a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' ("BIA") order affirming the immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

judge's ("IJ") denial of Convention Against Torture ("CAT") relief. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's denial of CAT relief.[1] Lopez's speculative belief of future torture—based largely on past torture—does not compel the conclusion that it is "more likely than not that [he] will be tortured upon return to" Mexico. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006)). In making this determination, we must consider "[a]ll evidence relevant to the possibility of future torture[.]" *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) (quoting C.F.R. § 1208.16(c)(3)). This includes past torture, *see id.* at 1216–17, which holds particular weight when the petitioner knows the identity of his assailants, is tortured for an extended period of time, and flees the country immediately following the torture, *see id.* at 1212–14, 1219. In and of itself, however, a showing of past torture "does not give rise to a regulatory presumption of . . . future torture." *Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005) (citing 8 C.F.R. § 1208.16(c)(3)).

Here, Lopez testified that he was abducted and tortured by unknown assailants who threatened to kill him if they saw him again. But Lopez cannot identify his

---

[1] "We review for substantial evidence the factual findings supporting the BIA's decision that an applicant has not established eligibility for . . . relief under CAT." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (internal citations omitted).

assailants, who they are affiliated with, or why they abducted him. Further, rather than immediately fleeing Mexico following these events, Lopez remained for eleven months without incident. Thus, Lopez failed to show the necessary likelihood of future torture.[2]

Likewise, even assuming Lopez would likely be tortured upon return to Mexico, he failed to show "sufficient state action involved in that torture." *Garcia-Milian*, 755 F.3d at 1033 (quoting *Tamara-Gomez,* 447 F.3d at 351). Lopez largely relies on country reports and other articles allegedly showing that Mexico ignores cartel violence. But the record also reveals that Mexico has reduced cartel violence by adopting international protocols to combat torture and arresting or killing major cartel leaders. The BIA properly relied on its expertise in this arena to conclude that Lopez failed to show the requisite state action. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049–50 (9th Cir. 2013) (explaining that the BIA may "use its expertise" in considering contradictory and ambiguous records); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("CAT relief is unavailable, despite a likelihood of torture, without evidence that the police are unwilling or unable to oppose the crime,

---

[2] *See Zheng v. Holder*, 644 F.3d 829, 835–37 (9th Cir. 2011) (denying CAT claim because fear of torture was speculative); *see also Toure v. Holder*, 624 F.3d 422, 428–30 (7th Cir. 2010) (rejecting CAT claim because petitioner "had no idea who the attackers were, what ethnic group they belonged to, or why they attacked her and her family").

not just that they are unable to solve it, as when the torturers cannot be identified."). Further, Lopez failed to report the incidents at issue here to Mexican authorities, which renders his state-action argument speculative. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008) (denying CAT relief because petitioner "failed to report any incidents to the police" and his argument regarding state action was therefore "unsupported and speculative"), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). The BIA, therefore, properly denied CAT relief.

**PETITION DENIED.**



*Lopez-Gonzalez v. Sessions*, No. 14-72810
Murguia, Circuit Judge, dissenting:

An applicant is entitled to relief under CAT if "he establishes that it is more

likely than not that he . . . would be tortured if removed to the proposed country of

removal," and that a public official would acquiesce in that torture. *Madrigal v.

Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (internal quotation marks and citation

omitted).

I do not agree with the majority's conclusion that Lopez failed to show the

necessary likelihood of future torture. When an applicant who has previously been

tortured seeks relief under CAT, the "principal factor" on which we rely for

evaluating the likelihood of future torture is past torture. *Nuru v. Gonzales*, 404

F.3d 1207, 1217–18 (9th Cir. 2005). Here, Lopez testified extensively before the

immigration judge about how armed assailants beat him, kidnapped him, tortured

him, and threatened to kill him if they ever saw him again. The IJ found his

testimony credible. Because Lopez's credible testimony is sufficient to sustain his

burden of proof, *see* 8 C.F.R. § 208.16(b), I disagree with the majority's

conclusion that Lopez failed to show the necessary likelihood of future torture to

be entitled to CAT relief.[1]

---

[1]     The majority cites an out of circuit case to support its position that, because
Lopez cannot identify his attackers, Lopez's fear of future torture is merely
speculative. *See* Disp. at 2 n.2 (citing *Toure v. Holder*, 624 F.3d 422, 428–30 (7th

1

I also disagree with the majority's conclusion that Lopez failed to show sufficient government acquiescence to his torture to be entitled to CAT relief. Lopez's purported failure to identify his past attackers seems to be the result of the circumstances of his torture—his attackers blindfolded him. However, because Lopez's attackers interrogated him about which cartel he worked for, Lopez is able to infer that they belonged to one of the two La Familia Michoacana divisions, and that they attacked him for purportedly snitching on his uncle's drug activities. In *Madrigal*, we recognized that Mexican police officers often are involved in activities like kidnapping and extortion on behalf of organized crime and drug traffickers. *Madrigal*, 716 F.3d at 507. And, as the IJ noted in the case here, the evidence in the record shows that states like Michoacán have been infiltrated by sophisticated criminal enterprises including La Familia, and that most Mexicans "face a daily struggle to survive under a government that is either absent or corrupt." Therefore, I believe Lopez met his burden to establish, at minimum, a likelihood of government acquiescence by "willful blindness" to his future torture,

---

Cir. 2010)). However, in that case, the petitioner "had no idea who the attackers were, what ethnic group they belonged to, or why they attacked her and her family." *Toure*, 624 F.3d at 428. Lopez's case is distinguishable. Lopez cannot identify his attackers because they blindfolded him, not because he has no idea who they are or why they attacked him. Indeed, Lopez testified that he believes his assailants belonged to one of the two La Familia Michoacana divisions, and that they attacked him for snitching on his uncle's drug activities. The IJ found Lopez's testimony credible and consistent with his I-589 Form.

2

*see Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003), and relief should be granted. I respectfully dissent.